UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRIS M VALENCIA,<br>    Plaintiff,<br>v.<br>FRANK BISIGNANO,<br>    Defendant. | Case No. 22-cv-06084-AGT<br><br>**ORDER ON MOTION FOR ATTORNEYS' FEES**<br>Re: Dkt. No. 29 |

After the Court remanded Iris Valencia's case to the Social Security Commissioner, an ALJ granted Valencia's application for benefits. Valencia's attorney now seeks to obtain 25% of the awarded past-due benefits as a fee for her work.

Under 42 U.S.C. § 406(b), plaintiff's counsel may obtain up to 25% of her client's past-due benefits as a reasonable fee, subject to Court approval. But to determine the amount of the fee, the Court first needs to know the amount of past-due benefits awarded. Only then can the Court calculate 25%.

On this crucial starting point, the record is conflicting. Valencia's counsel states that, by her math, the past-due benefits totaled $287,603.00. Dkt. 32 at 3, Perales Decl. ¶ 2. In the agency's notice of award, the Commissioner instead wrote that the past-due benefits totaled

$191,749.25. Dkt. 32-2 at 6. Valencia is seeking reconsideration of the Commissioner's calculation. Her motion is pending before the agency. Dkt. 32-1, -2.

For now, the Court will use the Commissioner's calculation. If Valencia later prevails on her motion for reconsideration, her attorney can file an amended motion for attorneys' fees. The Commissioner concluded that Valencia's past-due benefits totaled $191,749.25. Twenty-five percent of that amount is $47,937.31. For several reasons, the Court concludes that $47,937.31 reflects a reasonable fee for counsel's representation.

First, a 25% fee award is consistent with the contingent-fee agreement that Valencia and her counsel executed, under which Valencia agreed to pay her attorney "25% of the backpay awarded upon reversal of any unfavorable ALJ decision." Dkt. 29-1 at 2 ¶ 4 (emphasis omitted). Under § 406(b), "[l]awful attorney-client contingent fee agreements . . . . are the 'primary means' by which fees are determined." *Crawford v. Astrue*, 586 F.3d 1142, 1150 (9th Cir. 2009) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002)).

Second, there is no indication that Valencia's counsel provided "substandard representation or delayed the case" in an effort to increase the amount of fees awarded. *Id.* at 1151. Counsel achieved an excellent result, obtaining a substantial award of benefits.

Third, the Commissioner doesn't oppose a 25% award. *See* Dkt. 30 at 6 ("[T]he Commissioner neither supports nor opposes [c]ounsel's request for attorney's fees . . . ."). Nor does Valencia. Counsel served Valencia with her fees motion and explained that she could respond within 14 days and counsel would e-file her response. Dkt. 29 at 2, 20. The Court didn't receive a response from Valencia.

Fourth, based on the number of hours counsel billed on the district court proceedings, 64.05 hours, dkt. 29 at 17, Perales Decl. ¶ 5, a fee of $47,937.31 would equate to an hourly

rate of $748.44. "Many courts in this circuit award attorneys' fees under § 406(b) with" even higher effective hourly rates, "ranging between $1,000 and $1,500." *McCullough v. Berryhill*, No. 16-cv-00625-BLF, 2018 WL 6002324, at *2 (N.D. Cal. Nov. 15, 2018) (collecting cases). Also, the Court is mindful that the "lodestar method under-compensates attorneys for the risk they assume in representing SSDI claimants." *Crawford*, 586 F.3d at 1149. The contingent-fee agreement better accounts for that risk. *See id.* at 1150–51.

The Court concludes that $47,937.31 is a reasonable fee award. Valencia's counsel may recover that amount from Valencia's past-due benefits award. Counsel, however, "must refund" to Valencia the $9,918.46 in attorneys' fees already paid to her by the United States under the Equal Access to Justice Act, 28 U.S.C. § 2412. *Crawford*, 586 F.3d at 1144 n.3 (quoting *Gisbrecht*, 535 U.S. at 796); *see* Dkt. 30 at 3 (identifying the total EAJA award).

The motion for attorneys' fees is granted in part. If the Commissioner grants Valencia's motion for reconsideration and determines that her past-due benefits totaled $287,603.00, not $191,749.25, her attorney may file an amended motion for attorneys' fees, and the Court will evaluate whether a larger fee award would be appropriate.

**IT IS SO ORDERED.**

Dated: July 25, 2025

_____
Alex G. Tse
United States Magistrate Judge